IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| LATISHA D. GREEN, | ) Civil Action No. 3:05-1325-MJP-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ALLEN DAILEY; TREVOR BROWN; | ) |
| JOSEPH LANE; ROGER CARTER; | ) |
| TONY HORTON; BOBBY MCDUFFY; AND | ) |
| JOHN MCCUTHEN, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendants, | ) |
| | ) |

Plaintiff filed this action pro se on May 5, 2005.[1] On July 21, 2006, Defendants John McCutchen ("McCutchen") and Bobby McDuffie ("McDuffie"),[2] collectively the "Lee County Defendants," filed a motion for summary judgment.[3] Because Plaintiff is proceeding pro se, she was advised on July 27, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment could result in the dismissal of her complaint. Plaintiff filed a response on August 18, 2006. On August 31, 2006, Defendants Trevor Brown ("Brown"), Roger Carter ("Carter"), Allen Dailey ("Dailey"), Tony Horton ("Horton"), and Joseph Lane ("Lane"), collectively the "Sumter County Defendants," filed a motion for summary

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e).

[2]The names of McDuffie and McCutchen appear to have been spelled incorrectly in the caption of the Complaint. See McDuffie and McCutchen Affs. (Attachments to Lee County Defendants' Motion for Summary Judgment).

[3]A previous motion for summary judgment by Defendants was filed on November 23, 2005 (Doc. 25), but was subsequently withdrawn (see Doc. 43).

judgment. A second Roseboro order was filed on September 1, 2006. Plaintiff filed a response on September 22, 2006; Defendants filed a reply on October 2, 2006; and Plaintiff a rebuttal on October 18, 2006.

## DISCUSSION

Plaintiff's allegations concern the search of her motel room and her arrest in relation to the arrest of her boyfriend Michael Rufus ("Rufus"). She alleges:

> On July 22, 2002 the defendants, while acting under duty of their jobs seized the plaintiff and the plaintiff's premises of the Eagle Inn motel, in Sumter [,] South Carolina. This seizure was done to arrest a guest of plaintiff[']s [Rufus] pursuant to an arrest warrant that did not give the officers authority to search or seize the premises or the plaintiff in this instance.
>
> The officers seized the room by knocking on the door with guns drawn and wearing bullet-proof vest[s]. Hearing the knocks at the door[,] plaintiff['s] guest peeked out of the window. Seeing the officers in their aggressive positioning [,] he opened the door in hope that neither him or the plaintiff would be hurt. When the plaintiff's guest opened the door[,] he was allowed to step outside wearing only a pair of shorts. He was detained and placed under arrest, while outside plaintiff's guest was questioned and then the officers entered the room to search for a weapon that plaintiff had brought to the room. The officers also seized the plaintiff after the illegal entry.
>
> The illegal seizure and search of the plaintiff and her premises violated her Fourth Amendment and Fourth Amendment rights. It is important to know that before the officers seized or entered the premises[,] they were aware that it belonged to a third party not named in the warrant. The officers were also aware of these fact[s] before they went to Magistrate[] Davis []to have the arrest warrant counter signed to be served in a public place in Sumter County, but did not get a search warrant directing the search or seizure of the plaintiff or her premises. The use of the arrest warrant in this case was as a "General" warrant which is prohibited by the Constitution.

Complaint at 3-4. She requests the return of $1517.55 that she claims was taken from her, the cost of her hotel, fees for her car being towed, the return of the weapon that she claims was taken from her or the cost of it, one million dollars in punitive damages, and unspecified injunctive relief. Complaint at 5. In response to interrogatories from the Court, Plaintiff provided that she was

charged with a crime as a result of the incident, but the result was that the charge was "Dismissed/nol pros/pros ended July 14, 2003." Doc. 5.

The Sumter County Defendants contend that they are entitled to summary judgment because: (1) Plaintiff fails to establish a cause of action that arises to the level of a constitutional violation; and (2) Defendants are entitled to qualified immunity. The Lee County Defendants contend that they are entitled to summary judgment because they played no role in the arrest of Plaintiff and are entitled to qualified immunity.

1. <u>Seizure of Money</u>

Plaintiff alleges that she is entitled to the return of the $1517.55 that was seized. She claims that the cash belonged to her. The Sumter County Defendants contend that Plaintiff cannot establish a constitutional claim to this money because the cash in question was lawfully seized as potential fruits or instrumentalities of the drug crimes with which Rufus was charged. <u>See</u> Brown Aff, Ex. B.

Plaintiff, in her opposition memoranda, has not contested that the money was lawfully seized. The money was released to the custody of the Drug Enforcement Administration of the United States Department of Justice ("DEA"), pursuant to 21 U.S.C. § 881. <u>See</u> Brown August 30, 2006 Aff. (Attachment to Sumter County Defendants' Motion for Summary Judgment), Para. 10 and Ex. D (Declaration of Forfeiture). The DEA instituted a forfeiture procedure relating to the money at issue. Terrence King, Senior Attorney in the Asset Forfeiture Section of the DEA, states that notice of the seizure was sent to all known parties who might have a legal or possessory interest in the property, that notice of the seizure was published, and no claim was filed for the property within thirty days from the date of the last publication of the advertisement. On March 21, 2003, the money was

3

declared forfeited by the DEA pursuant to 19 U.S.C. § 1607. Ex. D. There is no indication that Plaintiff properly contested the forfeiture.[4]

### 2. Qualified Immunity

Defendants contend that they are entitled to dismissal on the basis of qualified immunity. Government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The analysis of the defense of qualified immunity is examined using a two-step analysis. See Saucier v. Katz, 533 U.S. 194, 201 (2001). The first task is to determine whether the plaintiff has alleged the deprivation of a constitutional right. Id. at 200-201  If the answer is yes, the next task is to determine "whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right." Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002).

#### a. Search

Plaintiff alleges that her Fourth Amendment rights were violated because her hotel room was searched without a search warrant. Defendants are entitled to qualified immunity on this claim because Plaintiff fails to allege the deprivation of a constitutional right.

---

[4]Plaintiff also does not appear to have any claim for the return of the 9 mm gun which was seized. Rufus signed a plea agreement in this Court on April 25, 2003, in which he waived any and all constitutional and statutory defenses against forfeiture or abandonment of the gun and consented to the forfeiture, abandonment, and disposition of the gun by the Bureau of Alcohol, Tobacco and Firearms. See Criminal Action Number 3:02-550 (Doc. 65). This court may take judicial notice of that action. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

The Lee County Defendants provide that a Lee County Investigator obtained an arrest warrant for Rufus from a Lee County magistrate on July 18, 2002, on the charge of assault and battery with intent to kill stemming from the shooting of a patron of a nightclub. See McDuffie Aff., Para. 2; McCutchen Aff., Para. 2 (Attachments to Lee County Defendants' Motion for Summary Judgment). McDuffie informed Brown that the Lee County Sheriff's Office had obtained a warrant for Rufus' arrest, they were trying to locate Rufus, and they thought that Rufus might be in Sumter County fleeing arrest. McDuffie Aff., Para. 3. Brown states that on July 21, 2002, he observed Rufus' vehicle in the parking lot of the Eagle Inn Motel and advised McDuffie of such. He states that Defendant Lane learned from a representative of the motel that Plaintiff was registered as a guest in room 134. Brown October 19, 2005 Aff., Paras. 1 to 2 (Attachment to Lee County Defendants' Motion for Summary Judgment). Brown, McCutchen, and McDuffie took the arrest warrant to a Sumter County magistrate who countersigned the warrant. McDuffie Aff., Para. 5, McCutchen Aff., Para. 4.

Defendants went to the hotel room and knocked on the door. Brown states that Rufus answered the door and was informed that Defendants had a warrant for his arrest. He inquired as to weapons, at which time Rufus informed Defendants that he had placed a gun under the mattress. Brown August 30, 2006 Aff., Para. 5. Rufus and Plaintiff admit that Rufus opened the door of the hotel room after Defendants knocked and he went outside of the room where he was informed of the arrest warrant. Complaint at 3-4. Plaintiff submitted an affidavit from Rufus in which he states that Brown asked him if he had any weapons inside and Rufus answered that he had placed a weapon

under the mattress.  Rufus Aff. (Attachment to Plaintiff's August 18, 2006 Opposition Memorandum).[5]

The Sumter County Defendants contend that they are entitled to qualified immunity because they merely conducted a protective sweep of the hotel room.  Brown states that while Rufus was outside of the room the door to the room was open, Plaintiff was inside the room, Rufus was within a few feet of the weapon, and Plaintiff was unrestrained and within close proximity to the weapon. Brown August 30, 2006 Aff., Para. 5 and Ex. B (Investigation Report).  A limited warrantless search does not violate the Fourth Amendment where officers have a reasonable fear, based upon specific and articulable facts, that the area to be swept may harbor an individual or individuals who present a threat to officer safety.  Maryland v. Buie, 494 U.S. 325, 337 (1990); see also United States v. Lusk, 142 Fed. Appx. 80, 2005 WL 1793482 (4th Cir. 2005)(unpublished).[6]

---

[5]To the extent that Plaintiff is attempting to argue that the search violated her constitutional rights because Rufus was not read his Miranda rights prior to being asked if he had a gun, such questioning (which Plaintiff has not shown that she has standing to raise) falls within the "public safety exception" to the Miranda rule. See New York v. Quarles, 467 U.S. 649 (1984). The public safety exception applies when "there is an objectively reasonable need to protect the police or the public from any immediate danger associated with [a] weapon." United States v. Mobley, 40 F.3d 688, 693 (4th Cir.1994) (quoting Quarles, 467 U.S. at 659 n. 8).

[6]In Lusk, police received a tip that Lusk was at a hotel room rented by his girlfriend.  After obtaining an arrest based on an earlier drug transaction, police went to the hotel to arrest Lusk. While one officer was dealing with Lusk, another officer frisked the other five occupants of the room.  To make sure none of the occupants would be able to grab a concealed weapon and place the officers in danger, the officer opened a drawer on an end table within reach of all occupants.  Inside the drawer was a plastic bag filled with pills.  Lusk argued that the district court erred in denying his motion to suppress or exclude evidence of the pills.  The Fourth Circuit concluded that the district court did not err in admitting this evidence because the officer was reasonably concerned for his safety, justifying a protective sweep fo the area for hidden dangers.  United States v. Lusk, 2005 WL 1793482 at *2.

While conducting the protective sweep, Defendants found, in plain view, what appeared to be a bag of marijuana and a bag of cocaine. See Brown August 30, 2006 Aff. Para. 7; McDuffie Aff., Para. 6; and McCutchen Aff., Para. 6. Plaintiff asserts numerous arguments concerning the search of a "birthday" bag (which Plaintiff does not claim was hers) which also contained drugs, but has not disputed in her opposition memoranda that cocaine and marijuana were found in plain view. Rufus, in a petition pursuant to 28 U.S.C. § 2255, also appears to admit that drugs were in plain view, as he makes an assertion which begins "After the drugs were found in plain view..." Civil Action Number 3:04-23082, Doc. 1 at 3.

Additionally, Plaintiff signed a consent form for a search of the hotel room. Although Plaintiff disputes the timing of the consent, she has not contested that she signed a consent form allowing a search of the room and her vehicle. The Sumter County Defendants have submitted a copy of a "Consent to Search" signed by Plaintiff on July 21, 2002, in which she consented to the search of Eagle Inn room number 134 and her vehicle. Where valid consent is given, Fourth Amendment rights are waived and the search may be conducted without probable cause or warrant. Schneckloth v. Bustamonte, 412 U.S. 218 (1973).

      b.     Arrest

Plaintiff also appears to allege that her arrest violated her Fourth Amendment rights. Defendants are entitled to qualified immunity on this claim as Plaintiff fails to allege a deprivation of a constitutional right.

"The Fourth Amendment is not violated by an arrest based on probable cause." Graham v. Connor, 490 U.S. 386, 396 (1989). A warrantless arrest is valid if the arresting officer has probable cause to believe the suspect has committed an offense, and the officer's decision that probable cause

7

is present is reviewed under a totality of the circumstances test. See Illinois v. Gates, 462 U.S. 213, 238 (1983). Probable cause exists when the facts and circumstances within an officer's knowledge are "sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964). Here, Defendants had probable cause to arrest Plaintiff after discovering, in plain view, what appeared to be a bag of marijuana and a bag of cocaine.

## CONCLUSION

Based on review of the record, it is recommended that the motion for summary judgment of Defendants Dailey, Brown, Lane, Carter, and Horton (Doc. 51) be granted and the motion for summary judgment of Defendants McDuffie and McCutchen (Doc. 48) be granted.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

March 5, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

9