IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Latisha D. Green, | ) | CIVIL ACTION NO.: 3:05-1325-MJP-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Allen Dailey; Trevor Brown; Joseph Lane; Roger Carter; Tony Horton; Bobby McDuffy; and John McCuthen | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court pursuant to a Report and Recommendation submitted by United States Magistrate Judge Joseph R. McCrorey, to whom it was referred for review under 28 U.S.C. § 636 and this Court's Local Rules. Plaintiff Latisha D. Green ("Plaintiff") filed this *pro se* action against Lee County Sherriff's Deputies Bobby McDuffie and John McCutchen (collectively the "Lee County Defendants") and Sumter County Sherrif's Deputies Trevor Brown, Roger Carter, Allen Dailey, Tony Horton, and Joseph Lane (collectively the "Sumter County Defendants") on May 5, 2005.

In her Complaint, the Plaintiff asserts that both the Lee County Defendants and the Sumter County Defendants violated the Fourth Amendment rights and 42 U.S.C. § 1983 by arresting her, searching a hotel room she had rented, and subsequently seizing items from that room. Plaintiff's complaint alleges that she had rented a room at the Eagle Inn motel in Sumter, South Carolina.[1] On July 21, 2005, the Lee County Defendants and the Sumter County

---

[1] Although Plaintiff's Complaint asserts that these events occurred on July 22, 2005, police records filed in this case and a consent formed signed by the Plaintiff, it appears that these

Defendants executed a valid arrest warrant for the Plaintiff's boyfriend, Michael Rufus at the motel room rented by Plaintiff. Subsequent to his arrest, and while Plaintiff was still in the motel room, Mr. Rufus stated that he had placed a firearm under the mattress in the room. The Defendants then entered the room, found the firearm, and, in the course of retrieving the firearm found in plain view what appeared to be a bag of marijuana and a bag of cocaine. A full search of the room was then performed, resulting in the discovery of more drugs and a large amount of cash. At some point, Plaintiff signed a consent to search form.

Because Plaintiff's claims arise out of what she contends was an illegal search and seizure, her signed consent to search form defeats the alleged Constitutional violations.

The Lee County Defendants filed a motion for summary judgment on July 21, 2006 and the Sumter County Defendants filed a motion for summary judgment on August 31, 2006. Magistrate Judge McCrorey filed his Report and Recommendation recommending that both motions for summary judgment be granted on March 5, 2007. No objections were filed.

The applicable standard of review for this Court is clear. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Matthews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150

---

events actually took place on July 21, 2005.

2

(1985). While the level of scrutiny entailed by the Court's review thus depends on whether or not objections have been filed, the Court is free, after review, to accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. <u>Wood v. Schweiker</u>, 537 F. Supp. 660, 661 (D.S.C. 1982).

Upon careful consideration of the pleadings, the evidence of record, the report, and the objections, the Court concludes that for reasons stated by the Magistrate Judge, the recommendations are approved.

Defendant's motion for summary judgment as to Plaintiff's claims is **GRANTED**.

**IT IS SO ORDERED**.

*[signature]*
**MATTHEW J. PERRY, JR.**
**SENIOR UNITED STATES DISTRICT JUDGE**

**Columbia, South Carolina**
**March 30, 2007**

3